# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GREGORY J. ORMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-2333** |
| | ) | |
| **HOLLYWOOD MOTION PICTURE &** | ) | |
| **TELEVISION MUSEUM, HOLLYWOOD** | ) | |
| **MOTION PICTURE TRUST, DEBBIE** | ) | |
| **REYNOLDS & TODD FISHER as Trustees** | ) | |
| **of the Hollywood Motion Picture Trust, and** | ) | |
| **SELDEN ENTERPRISES LIMITED** | ) | |
| **PARTNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

## MEMORANDUM AND ORDER

Plaintiff Gregory J. Orman originally filed this action in the District Court of Johnson County, Kansas.  Defendants removed it to this court, and now seek to have it transferred to the Bankruptcy Court for the Central District of California, Northern Division, where the bankruptcy proceedings for the Hollywood Motion Picture and Television Museum are pending (doc. 4).  Mr. Orman opposes that transfer (doc. 14) and asks this court to remand the case back to the Johnson County court (doc. 12).  For the reasons discussed below, this case is remanded back to state court.

## 1.    Background

The events of this lawsuit began in 2002, when Mr. Orman loaned the Museum

$1 million.  The loan was amended and extended, and according to the terms of the amended note, repayment of the loan is secured by the assets[1] of the Museum, the Hollywood Motion Picture Trust, and Selden Enterprises Limited Partner (SELP).  When the Museum failed to repay the loan according to its terms, the parties executed a Forbearance Agreement.

Mr. Orman initially filed a collection action against the Museum in California state court.  The Museum asserted that the loan violated California's usury laws. Ultimately, Mr. Orman voluntarily dismissed that action, and he then filed a complaint in Johnson County, Kansas court, alleging that Defendants breached the Forbearance Agreement, the amended loan note, and three separate amended security agreements.[2] Mr. Orman also seeks replevin and foreclosure of the security interest.

In June 2009, the Museum filed a petition in the Bankruptcy Court for the Central District of California, Northern Division, seeking relief under Chapter 11 of the Bankruptcy Code.  Shortly thereafter, Defendants removed Mr. Orman's action to this court.

---

[1] These assets include a substantial collection of Hollywood memorabilia, costumes, and artifacts from almost every Academy Award-winning film, including Marilyn Monroe's white dress from *The Seven Year Itch* and Judy Garland's ruby-red slippers from *The Wizard of Oz*.

[2] All of those documents provided that any legal action in connection with the documents would be filed in the district court of Johnson County, Kansas or in the United States District Court for the District of Kansas.

**2.      Legal Standards**

Section 1452, under which Defendants removed this action from state court, permits removal of any claim or cause of action to the federal district court if such court has jurisdiction over the suit pursuant to § 1334.  28 U.S.C. § 1452(a).  Section 1334(a) gives district courts jurisdiction over "all cases under title 11 [of the Bankruptcy Code]," and "all civil proceedings arising under title 11, or arising in or related to cases under title 11."  *Id.* § 1334(a), (b).

Mr. Orman asks this court to remand, arguing that there is no bankruptcy jurisdiction over his claims against the Trust and SELP.  He also seeks remand under section 1452(b), which allows a court to remand a removed case "on any equitable ground."  *Id.* § 1452(b).   And he requests remand under § 1334's discretionary abstention provisions.  *Id.* § 1334(c)(1).

Defendants seek to transfer venue to the California bankruptcy court pursuant to § 1412, which permits a district court to transfer "a case or proceeding under title 11" to another district "in the interest of justice or for the convenience of the parties."  *Id.* § 1412.

**3.      Section 1452 Removal Jurisdiction**

This court must first consider the propriety of the removal to determine whether it has jurisdiction to consider the parties' various requests.  As noted above, § 1452(a) allows remand of any claim or cause of action over which this court has jurisdiction. Section 1334(b) gives district courts jurisdiction to hear cases "arising in or related to

3

cases under title 11."

District courts have jurisdiction over, and can refer to the bankruptcy courts, the following categories of proceedings: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. §§ 1334(a), (b); 28 U.S.C. § 157(a).

Categories (1), (2), and (3) are "core proceedings." *Personette v. Kennedy*, 204 B.R. 764, 774 (10th Cir. 1997). "Cases under title 11" are the bankruptcy cases themselves. *Personett*e, 204 B.R. at 770 n.6. "A proceeding 'arises under' the Bankruptcy Code if it asserts a cause of action created by the Code." *Id.* And "arising in" proceedings are defined as follows:

> Proceedings "arising in" a bankruptcy case are those that could not exist outside of a bankruptcy case, but that are not causes of action created by the Bankruptcy Code. For example, orders respecting the obtaining of credit, confirmation of a plan, the assumption or rejection of a contract are all matters which could not exist absent the filing of a bankruptcy case, but are not causes of action created by the Bankruptcy Code.

*Id.* (citations omitted).

None of these categories applies to the case before the court. Mr. Orman raises a breach of contract claim and other state law claims not created by the Bankruptcy Code or dependent upon the bankruptcy proceeding.

Under category (4), a proceeding is "related to" a case under title 11 "if it could have been commenced in federal or state court independently of the bankruptcy case, but the 'outcome of that proceeding could conceivably have an effect on the estate being

4

administered in bankruptcy.'" *Id.* at 771 (quoting *Gardner v. United States*, 913 F.2d 1515, 1518 (10th Cir. 1990)). "Related" proceedings include "causes of action owned by the debtor which become property of the estate . . . and suits between third parties which have an effect on the bankruptcy estate." *Id.* (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995)).

Clearly, the action against the Museum may have an effect on its bankruptcy estate. Mr. Orman asserts, however, that his claims against the Trust and SELP are separate and apart from the Museum's bankruptcy proceeding, and thus are not properly removed to this court. Defendants maintain that they are all "intimately related parties." Specifically, Defendants note that all three entities—the Museum, the Trust, and SELP—are owned by Todd Fisher or members of his family. Defendants contend that "virtually all" of the memorabilia they pledged to Mr. Orman are stored together and will eventually be displayed together, available to public viewing, as part of the Museum's reorganization's efforts.

Although the court's "related to" jurisdiction may extend to actions involving nondebtor third parties, the action against the third party must still conceivably have an effect on the debtor's bankruptcy case. *Gardner*, 913 F.2d at 1518; *Personett*e, 204 B.R. at 772. Here, the court can see no effect on the Museum's bankruptcy proceeding—and Defendants have not identified any—of the claims against the Trust and SELP. The three Defendants are separate entities, and each pledged their own assets as consideration for their individual contracts with Mr. Orman. Mr. Orman's claims to enforce those

5

individual contracts signed by the Trust and SELP and to recover the assets pledged by the Trust and SELP will have no effect on the administration of the Museum's bankruptcy case.

Defendants suggest that Mr. Orman "could not possibly proceed with a case against [the] Trust or SELP without also proceeding against [the Museum]."  Mr. Orman disputes this conclusion, arguing that the Museum is not a necessary party to its actions against the Trust or SELP.  Regardless, the possibility that Mr. Orman's case may not be able to proceed while the Museum is in bankruptcy does not change the analysis this court must conduct to determine whether Mr. Orman's claims against the Trust and SELP are related or would have an effect on the Museum's bankruptcy proceeding.

Defendants also contend that the Bankruptcy Court could extend the automatic stay protection to nondebtor parties, like the Trust and SELP, which would effectively halt Mr. Orman's lawsuit.  Perhaps.  But again, that possibility does not alter the court's determination that Mr. Orman's breach of contract claims against the Trust and SELP will not have an effect on the Museum's bankruptcy case.

Given that § 1452 removal is contingent on § 1334 jurisdiction, *Personett*e, 204 B.R. at 772-73, removal of the claims against the Trust and SELP was improper and those claims must be remanded to state court.  *See, e.g.*, *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994) (noting that "[t]he district court found that the matters raised in the state suit were neither 'core' nor 'related' to the bankruptcy proceeding and ordered the case remanded to state court").

6

**4.     Mr. Orman's claims against the Museum**

The removal statute explicitly counsels that the district court may remand an action "on any equitable grounds." § 1452(b).   Such equitable considerations include

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

*SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 204 B.R. 222, 225 (D. Kan. 1996).

Here, the court is persuaded by a couple of factors.  First, it makes sense to keep Mr. Orman's lawsuit together, rather than to bifurcate his claims into two separate cases in two different courts.  A single case in front of a single court will allow for a more efficient use of judicial resources.  Second, the contractual agreements at issue included a forum selection clause that any legal action would be filed either in Johnson County state court or in this court.  Rather than transfer Mr. Orman's claim against the Museum to the bankruptcy court in California, this court is inclined to keep it in Kansas to uphold the forum selection clause.  *See, e.g.*, *D.E. Frey Group v. FAS Holdings, Inc.*, 387 B.R. 799, 804-06 (D. Colo. 2008) (discussing at length the propriety of enforcing forum selection clauses in bankruptcy cases).

Thus, this court will exercise its discretion to remand Mr. Orman's claims against the Museum back to state court along with his claims against the other Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants motion to transfer (doc. 4) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to remand (doc. 12) is granted.  This case is remanded back to the District Court of Johnson County, Kansas for further proceedings.

**IT IS SO ORDERED** this 8th  day of September, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8